1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8

MELVIN ALLEN WOOD,

9

10          Petitioner,                          CIV-S-01-1558 DFL PAN P

11          v.

12   DERRAL G. ADAMS,

                                                 MEMORANDUM OF OPINION
13          Respondent.                               AND ORDER

14

15

16          Petitioner, a state prisoner proceeding pro se, has filed an

17   application for a writ of habeas corpus pursuant to 28 U.S.C.

18   § 2254, challenging two separate state court convictions: (1) his

19   April 10, 1998 conviction for stalking under Cal. Penal Code §

20   646(b); and (2) his March 31, 1998 conviction under Cal. Penal

21   Code § 288(c) for a lewd act upon a child.  Respondent filed an

22   answer on October 21, 2002.  The petition was taken under

23   submission on December 5, 2002, after the court denied

24   petitioner's request for an extension of time to file his

25   traverse.

26   \\\

1

1     Under the Anti-Terrorism and Effective Death Penalty Act

2  ("AEDPA"), habeas corpus relief is not available for any claim

3  decided on the merits in state court proceedings unless the state

4  court's adjudication of the claim:

5              (1) resulted in a decision that was contrary to
              or an unreasonable application of clearly
6              established federal law, as determined by the
              Supreme Court of the United States; or
7

8              (2) resulted in a decision that was based on an
              unreasonable determination of the facts in light
9              of the evidence presented in the State court
              proceeding.
10

11  28 U.S.C. § 2254(d).  The "contrary to" clause applies when a

12  state court applies a rule different from the governing law set

13  forth in the Supreme Court's cases, while the "unreasonable

14  application" clause applies if the state court correctly

15  identifies the governing legal principle from the Supreme Court's

16  cases, but unreasonably applies it to the facts of the particular

17  case.  Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002).

18  The petitioner has the burden to show that the state court's

19  decision was either contrary to or an unreasonable application of

20  state law.  Woodford v. Visciotti, 537 U.S. 19, 25, 123 S.Ct. 357

21  (2002).  It is appropriate to look to lower federal court

22  decisions to determine what law has been "clearly established" by

23  the Supreme Court and the reasonableness of a particular

24  application of that law.  See Duhaime v. Ducharme, 200 F.3d 597,

25  598 (9th Cir. 2000).  The court looks to the last reasoned state

26  court decision as the basis for the state court judgment.  Avila

1  v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  In determining

2  whether the state court decision is entitled to deference, it is

3  not necessary that the state court cite the controlling federal

4  authorities, so long as neither the reasoning nor the result of

5  the state court decision is contrary to federal law.  Early v.

6  Packer, 537 U.S. 3, 8, 123 S.Ct. 362 (2002).

7      A. Stalking Conviction

8       Petitioner's October 21, 2002 conviction for stalking was

9  based on repeated violations of a restraining order obtained by

10  his wife Penny.  (Answer at 5-7.)  The restraining order was in

11  effect beginning August 1, 1997.  (Id.)  The testimony at trial

12  indicated that, between August and October 1997, petitioner

13  violated the restraining order on at five occasions.  (Id.)  For

14  this conduct, petitioner was convicted under Cal. Penal Code §

15  646(b).

16      Petitioner makes two claims as to this conviction: (1) that

17  the trial judge erred in denying his request for a continuance;

18  and (2) that the reasonable doubt instruction given provided

19  insufficient guidance to the jury on the degree of certainty

20  required to convict.  (Pet. at 6, 6E.)

21      Petitioner sought a continuance to obtain the testimony of

22  Officer Locatelly, who prepared a computer-aided dispatch report

23  which indicated that Penny had encouraged petitioner to violate

24  the restraining order on one occasion.  (Court of Appeal Decision

25  "Ct. App." at 8-10.)  After hearing from both sides, the trial

26  court denied the request, stating that it did not appear that

3

1    Locatelly's testimony would add "any additional evidence which

2    would either lay a foundation or provide any exception to the

3    court's ruling."  (Id. at 10.)

4         To state a due process claim based on the denial of a

5    continuance, the petitioner must show that the denial was an

6    abuse of discretion, considering such factors as: (1) the degree

7    of diligence of the party requesting the continuance; (2) whether

8    the continuance would have served a useful purpose; (3) the

9    inconvenience to the court and the prosecution of granting the

10   continuance; and (4) the prejudice suffered from the denial.

11   Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir. 1985).

12        While the California Court of Appeal did not mention or

13   apply Armant in rejecting this claim, its reasoning and its

14   decision are consistent with federal law.  The court of appeal

15   evaluated petitioner's diligence, as well examining the probative

16   value and admissibility of the evidence sought.  (Ct. App. at 10-

17   11.)  The court of appeal's decision was not contrary to or an

18   unreasonable application of state law.  This claim is DENIED.

19        Petitioner also challenges the reasonable doubt instruction,

20   CALJIC 2.90, which defined reasonable doubt as doubt that "leaves

21   the minds of the jurors in that condition that they cannot say

22   they feel an abiding conviction in the truth of the charge."

23   (Pet. at 6E.)  In general, a challenge to jury instructions does

24   not state a federal constitutional claim.  Engle v. Issac, 456

25   U.S. 107, 119-123, 102 S.Ct. 1558 (1982).  To warrant federal

26   habeas relief, the challenged jury instruction "cannot be merely

1  'undesirable, erroneous, or even universally condemned'" but must

2  "violate some due process right guaranteed by the fourteenth

3  amendment."  Prantil v. California, 843 F.2d 314, 317 (9th Cir.

4  1988), quoting Cupp v. Naughten, 414 U.S. 141, 146, 94 S.Ct. 396

5  (1973).  An erroneous reasonable doubt instruction can violate

6  due process.  Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239

7  (1994).  To satisfy the due process clause, the instruction must:

8  (1) convey to the jury that it must consider only the evidence;

9  and (2) properly state the government's burden of proof.  Id. at

10  13.

11      Both the state and federal courts have universally rejected

12  petitioner's claim that CALJIC 2.90 violates the due process

13  right to conviction upon proof beyond a reasonable doubt. See

14  Lisenbee v. Henry, 166 F.3d 997 (9th Cir. 1999); People v.

15  Hearon, 72 Cal.App.4th 1285, 1287, 85 Cal.Rptr.2d 424 (1999).

16  The California Court of Appeal's rejection of this claim was not

17  contrary to or an unreasonable application of clearly established

18  federal law.  This claim is DENIED.

19      B. Lewd and Lascivious Conduct Conviction

20      The conviction under Cal. Penal Code § 288(c) arises out of

21  an incident in September 1997, where petitioner touched the

22  crotch area of a 15-year old girl, Sara C., while she was on

23  horseback.  (Answer at 5.)  Petitioner makes three claims as to

24  this conviction: (1) that the evidence was insufficient to

25  support the conviction; (2) that the court erred in refusing his

26  request for an instruction on the lesser-included offense of

1  battery; and (3) that the reasonable doubt instruction was

2  constitutionally flawed.  (Pet. at 5A, 5B, 5C, 6E.)

3      In challenging the sufficiency of the evidence, petitioner

4  argues that there was insufficient evidence that he had the

5  specific intent, as required by Cal. Penal Code § 288(a), to

6  sexually gratify himself or Sara C. with the touching.  (Id. at

7  5A.)  In reviewing a claim of sufficiency of the evidence, the

8  court must determine "whether, after reviewing the evidence in

9  the light most favorable to the prosecution, *any* rational trier

10  of fact could have found the essential elements of the crime

11  beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307,

12  319, 99 S.Ct. 2781 (1979) (emphasis in original).   The

13  California Court of Appeal, applying the identical state

14  standard, found that a rational trier of fact could have

15  determined that petitioner had the requisite specific intent

16  given that the record was devoid of any circumstances indicative

17  of innocent touching.  (Ct. App. at 7.)  The determination of the

18  state court of appeal was not contrary to or an unreasonable

19  application of existing Supreme Court precedent, nor was it based

20  on an unreasonable determination of the facts.  This claim is

21  DENIED.

22      Petitioner's second claim as to the lewd and lascivious

23  conduct conviction is that he was entitled to an instruction on

24  the lesser-included offense of battery.  (Pet. at 5B, 5C.)  The

25  failure of a state court to instruct on lesser-included offenses

26  in a non-capital case does not present a federal constitutional

1  question unless the failure to instruct interferes with the

2  defendant's right to adequate instructions on his theory of

3  defense.  Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir. 1998);

4  James v. Reese, 546 F.2d 325, 327 (1976); Bashor v. Risley, 730

5  F.2d 1228, 1240 (9th Cir. 1984).  To state a claim under the

6  Bashor exception, defendant's theory of the case must support the

7  lesser-included offense instruction and there must be some

8  evidence that only the lesser-included offense was committed.

9  Solis v. Garcia, 219 F.3d 922, 928-30 (9th Cir. 2000).  In

10 rejecting petitioner's claim, the court of appeal found that

11 there was no evidence of a non-sexual intentional touching that

12 would support a battery instruction.  (Ct. App. at 8.)  This

13 decision was not contrary to or an unreasonable application of

14 established federal law.  Nor was this an unreasonable

15 determination of the facts, as petitioner's theory of the case

16 was that the touching, if it occurred, was accidental.  (Rep.'s

17 Tr. at 66-, 71-72, 88-93, 104-08, 110-16, 152-59.)  This claim is

18 DENIED.

19     Finally, petitioner claims that the reasonable doubt

20 instruction given in this case was constitutionally flawed.

21 (Pet. at 6E.)  The reasonable doubt instruction given was CALJIC

22 2.90, the same instruction given in the stalking case.  For the

23 reasons discussed above, this claim is DENIED.

24 \\\

25 \\\

26 \\\

7

1    For the set forth above, the petition for a writ of habeas

2  corpus is DENIED.

3  IT IS SO ORDERED.

4  Dated: 7/25/2005

5

6

7  _____

8  DAVID F. LEVI
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26